1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOHN-THOMAS DOLJANIN, | Case No.: 24-CV-1689 JLS (SBC) |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTIONS** |
| REUBIN ELLIS; SHANNON SMITH; WILLIAM BERKELEY; TERRY CONSIDINE; SUSAN BONANO; RODNEY BRUCE; GEOFF POOLE; BETH HART; SAMANTHA ADAMS; HARRY TURNER; JOSEPH ELLIS; IONE ELLIS; RAM HILL COUNTRY CLUB; T2 PALMS, LLC; T1 HOLDINGS; T2 HOLDINGS; BORREGO WATER DISTRICT, | (ECF No. 21) |
| Defendants. | |

Presently before the Court is Plaintiff John-Thomas Doljanin's untitled Motion ("Mot.," ECF No. 21), requesting "Motion To Conitinue [sic] As per Hippa concern and Americans with Disabilities Act; Privacy concern already stated[.]" Mot at 1. Plaintiff asserts "[t]his case is a Negotiable Instrument case mixed with collusion, non disclosure, Takings, Theft By Deception, and what looks like RICO through connections and motive." *Id.* Finally, he writes: "Please grant a continuance in order for Plaintiff to gather property

and witnesses. Please Dismiss any Motions for Dismissal, I pray." *Id.* Following his Motion, Plaintiff has included, without any explanation, nearly 100 pages consisting of various filings in a state court case seemingly involving Plaintiff and at least one Defendant, email chains involving Plaintiff, his purported "World Citizen Government" passport, and what appear to be legal documents, including Plaintiff's birth certificate and documents related to a deed of trust. *See generally* Mot. Plaintiff does not specify any length of time in his request.

Also before the Court are Defendants Shannon Smith; Rodney Bruce; Harry Turner; Rams Hill Golf Club; T2 Palms, LLC; and T2 Holding, LLC's (collectively, "Rams Hill Defendants") Motion to Dismiss (ECF No. 6); Defendants Geoff Poole, Beth Hart, and Borrego Water District's ("BWD") (collectively, "BWD Defendants") Motion to Dismiss (ECF No. 7); and Defendant Susan Bonanno's Motion to Dismiss (ECF No. 13).

On December 11, 2024, after initially failing to file a timely opposition to the Rams Hill Defendants' Motion and BWD Defendants' Motion, but within his deadline to file an opposition to Defendant Susan Bonanno's Motion to Dismiss, Plaintiff requested an extension of time to file a response to these Motions. ECF No. 16. Specifically, Plaintiff indicated he needed "60 days to gain access" to "evidence." ECF No. 16 at 1–2. The Court granted this request in part, extending Plaintiff's deadline to respond to on or before January 16, 2025. ECF No. 18 at 3–4. The Court found Plaintiff had not shown good cause for further extension because his Motion did not explain why he required unspecified evidence to address Defendants' arguments. *Id.* at 3.

Although not entirely clear, the Court construes Plaintiff's instant Motion, filed before his opposition deadline, as a request for further time to respond to Defendants' Motions to Dismiss.

Under Federal Rule of Civil Procedure 6(b), the Court may extend a filing deadline for "good cause" where a request for such an extension is made before the original due date passes. Fed. R. Civ. P. 6(b)(1)(A). Where a request for extension is made after the original due date passes, the Court may, for good cause, extend the time if the party failed to act

because of "excusable neglect." *Id*. 6(b)(1)(B).

This rule "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Naharaja v. Wray*, No. 3:13-cv-1261-HZ, 2015 WL 3986133, at * 2 (D. Or. June 30, 2015) (quoting *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983)). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* (quoting *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1258–59 (9th Cir.2010)).

At this time, the Court does not find Plaintiff's instant Motion was made in bad faith, nor that an extension will prejudice Defendants. However, the Court is mindful that Plaintiff has twice now requested an extension of time for reasons that appear unrelated to responding to Defendants' Motions to Dismiss his Complaint. For instance, Plaintiff does not explain, and the Court cannot otherwise determine, why he requires time to gather "property and witnesses" to Motions challenging this Court's jurisdiction and the sufficiency of the allegations in the Complaint.

Nevertheless, in light of Plaintiff's pro se status, the Court **GRANTS** Plaintiff's Motion (ECF No. 21) for an additional extension of time. However, Plaintiff is cautioned that future requests for extensions failing to specify why he requires additional time to respond to Defendants' Motions will be disfavored.

Accordingly, Plaintiff **SHALL FILE** oppositions or notices of non-opposition to Rams Hill Defendants' Motion (ECF No. 6), BWD Defendants' Motion (ECF No. 7), and Defendant Susan Bonanno's Motion (ECF No. 13), each of which are not to exceed 25 pages in accordance with Civil Local Rule 7.1(h), <u>on or before February 21, 2025</u>. Defendants **MAY FILE** replies in support of their respective Motions to Dismiss <u>on or before February 28, 2025</u>.

/ / /

/ / /

/ / /

1  Plaintiff is reminded that failure to file an opposition by this date **may constitute a**
2  **consent to the granting of a motion or other request or ruling by the Court**.
3  **IT IS SO ORDERED.**
4  Dated: January 17, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge