UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN-THOMAS DOLJANIN,<br><br>                                  Plaintiff,<br><br>v.<br><br>REUBIN ELLIS; SHANNON SMITH; WILLIAM BERKELEY; TERRY CONSIDINE; SUSAN BONANO; RODNEY BRUCE; GEOFF POOLE; BETH HART; SAMANTHA ADAMS; HARRY TURNER; JOSEPH ELLIS; IONE ELLIS; RAM HILL COUNTRY CLUB; T2 PALMS, LLC; T1 HOLDINGS; T2 HOLDINGS; BORREGO WATER DISTRICT,<br><br>                                  Defendants. | Case No.: 24-CV-1689 JLS (SBC)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE;**<br><br>**(2) CONSOLIDATING CASES;**<br><br>**(3) DIRECTING PLAINTIFF TO FILE A CONSOLIDATED AMENDED COMPLAINT; AND**<br><br>**(4) DENYING ALL PENDING MOTIONS TO DISMISS WITHOUT PREJUDICE IN CONSOLIDATED CASES**<br><br>(ECF Nos. 6, 7, 13, 31) |

     Presently before the Court is Plaintiff John-Thomas Doljanin's request to "merge" this action, *Doljanin v. Ellis et al.*, Case No. 24-cv-01689-JLS-SBC, with the following related case: *Doljanin v. State of California et al.*, 25-cv-00469-JLS-DDL, also currently pending before this Court. *See* ECF No. 31 ("Mot."). The Court construes his filing as a

Motion to Consolidate the two actions pursuant to Federal Rule of Civil Procedure 42(a). For the following reasons, the Court **GRANTS** Plaintiff's Motion to Consolidate.

Federal Rule of Civil Procedure 42(a) governs the consolidation of cases. The rule provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). The court has "broad discretion" to determine whether and to what extent consolidation is appropriate. *See Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016) (*citing Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). Such discretion includes consolidating cases *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

"Typically, consolidation is a favored procedure." *Blount v. Bos. Sci. Corp.*, No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872, *2 (E.D. Cal. Aug. 21, 2019) (*citing In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012)). In deciding whether to consolidate actions, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

Here, the Court finds the aforementioned cases involve common questions of law and fact, as they both center around Plaintiff's allegations of interference with his "water rights," and contain overlapping Defendants, such as Borrego Water District, Rams Hill Golf Club; T2 Holding, LLC; and T2 Palms, LLC. Further, weighing the conservation of judicial resources against any inconvenience, delay or expense, the Court finds consolidation appropriate as both actions have not proceeded beyond the pleadings.[1]

Accordingly, the Court **GRANTS** Plaintiff's Motion to Consolidate (ECF No. 31). The Clerk of Court **SHALL** consolidate Case No. 24-cv-01689-JLS-SBC with Case

---

[1] The Court notes that no Defendants have filed an opposition to Plaintiff's Motion to Consolidate at the time of this Order. *See generally* Docket. In any event, the Court has the authority to consolidate the cases *sua sponte*, and is independently satisfied that the cases warrant consolidation here.

No. 25-cv-00469-JLS-DDL. This action, 24-cv-01689-JLS-SBC, shall remain the lead case. All future filings shall bear the case number 24-cv-01689-JLS-SBC. Plaintiff **SHALL** file an amended complaint entitled "Consolidated Complaint" **on or before July 1, 2025**. The Consolidated Complaint must bear **both** docket numbers now assigned to this consolidated action, but should **only be filed in the lead case, Case No. 24-cv-01689-JLS-SBC**; shall be labeled as "Consolidated Complaint;" and shall be complete in and of itself, *i.e.*, shall name all defendants and contain all claims against those defendants the Plaintiff wishes to pursue without any reference to any of the complaints previously filed in either action, or to any other pleading, attachment or document. The Consolidated Complaint shall be the operative complaint in this consolidated action.

Accordingly, Defendants Shannon Smith; Rodney Bruce; Harry Turner; Rams Hill Golf Club; T2 Palms, LLC; and T2 Holding, LLC's Motion to Dismiss (ECF No. 6); Defendants Geoff Poole, Beth Hart, and Borrego Water District's Motion to Dismiss (ECF No. 7); and Defendant Susan Bonanno's Motion to Dismiss (ECF No. 13) are **DENIED AS MOOT** without prejudice. Likewise, the pending Motions to Dismiss in the case to be consolidated with this action (Case No. 25-cv-00469-JLS-DDL) are **DENIED AS MOOT** without prejudice.

**IT IS SO ORDERED.**

Dated: June 4, 2025

Hon. Janis L. Sammartino
United States District Judge