UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN-THOMAS DOLJANIN,<br><br>                              Plaintiff,<br><br>v.<br><br>REUBIN ELLIS; SHANNON SMITH; WILLIAM BERKELEY; TERRY CONSIDINE; SUSAN BONANO; RODNEY BRUCE; GEOFF POOLE; BETH HART; SAMANTHA ADAMS; HARRY TURNER; JOSEPH ELLIS; IONE ELLIS; RAM HILL COUNTRY CLUB; T2 PALMS, LLC; T1 HOLDINGS; T2 HOLDINGS; BORREGO WATER DISTRICT,<br><br>                              Defendants. | Lead Case No.: 24-CV-1689 JLS (SBC)<br>Consolidated Case No.: 25-CV-469 JLS (DDL)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF ADDITIONAL TIME TO FILE CONSOLIDATED COMPLAINT,**<br><br>**(2) VACATING HEARING, AND**<br><br>**(3) DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT**<br><br>(ECF Nos. 33, 34) |

      On June 4, 2025, this Court granted Plaintiff John-Thomas Doljanin's request to "merge" this action, *Doljanin v. Ellis,* Case No. 24-cv-01689-JLS-SBC, with *Doljanin v. State of California*, Case No. 25-cv-00469-JLS-DDL. *See* ECF No. 32 ("Order"). In its Order, the Court directed Plaintiff to file an amended complaint entitled "Consolidated

1 | Complaint," by July 1, 2025.  Order at 3.

2 | After July 1 came and went, Defendants Beth Hart; Geoff Poole; Borrego Water District; Susan Bonanno; Shannon Smith; Terry Considine; Rodney Bruce; Harry Turner; Rams Hill Gold Club; T2 Palms, LLC; T2 Holding, LLC dba T2 B Holding LLC; and Reuben Ellis filed a Motion to Dismiss.  *See* ECF No. 33.  Thereafter, Defendant City of Indio, erroneously sued as Indio Police Department, also filed a Motion to Dismiss.  *See* ECF No. 34.  The County of San Diego and County of Riverside then filed Joinders to those Motions to Dismiss.  *See* ECF Nos. 35, 36.  Defendants largely argue they are entitled to dismissal as Plaintiff has failed to comply with the Court's Order directing him to file a consolidated complaint.  *See generally* ECF Nos. 33, 34.

Plaintiff subsequently filed an "Opposition to Any Dismissal by All Parties."  ECF No. 37 ("Opp'n").  In this filing, Plaintiff asks for leniency regarding his "tardy filings" and indicates such tardiness was caused by "temporary homelessness caused by City of Indio Employees."  Opp'n at 1.  The Court construes this as a request for an extension of time to file his consolidated complaint.  This request is, as Defendants note in their Reply, untimely, as his Opposition was filed more than a month after this complaint was due.  ECF No. 38 ("Reply") at 1.

Federal Rule of Civil Procedure 6(b)(1)(B) states that a court "may, for good cause, extend the time . . . on [a] motion made after the time has expired if the party failed to act because of excusable neglect."  Though Rule 6(b)(1)(B) does establish that requests to enlarge an already lapsed deadline must be made via motion, it is also "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Est. of Taschek v. Fid. Life Ass'n*, 740 F. Supp. 3d 1072, 1078–79 (D. Nev. 2024). Accordingly, the Court will evaluate whether Plaintiff's implicit request for an extension of time in his Opposition demonstrates "excusable neglect."  *See United States v. $163,500 in U.S. Currency*, No. 3:23-cv-00430-MMD-CLB, 2024 WL 1603409, at *2 (D. Nev. Mar. 25, 2024) (construing pro se plaintiff's late responsive filings "as including an implicit motion for extension of time due to excusable neglect"); *see also N.L. v. Children's Hosp.*

*L.A.*, No. CV 15-07200-AB (FFMx) 2019 WL 10854340, at *4 n.2 (C.D. Cal. Oct. 22, 2019) (not requiring formal noticed motion under Rule 6(b)(1)(B) "in the interest of efficiency and judicial economy").

Excusable neglect is an "elastic concept" that is determined by considering, inter alia: "the danger of prejudice to the [party not under scrutiny], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

The Court is satisfied that Plaintiff has shown excusable neglect, as he represents his delay was the result of temporary homelessness. Opp'n at 2. Though the Court appreciates Defendants' frustrations with Plaintiff's delay and conduct during the litigation of this case, the Court does not find the length of the delay—and any prejudice to Defendants thereby—outweigh Plaintiff's justification, particularly considering that the determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Livesley v. City of Springfield*, No. 6:18-CV-01023-AA, 2019 WL 310121, at *3 (D. Or. Jan. 22, 2019) (concluding that finding excusable neglect in light of pro se plaintiff's health and circumstances was consistent "with the Ninth Circuit's approach to treating *pro se* Plaintiffs fairly and in consideration of their limited means"). Here, in its consideration of all the relevant circumstances, the Court finds Plaintiff's failure to timely file a consolidated complaint was excusable.

However, Plaintiff is reminded that pro se litigants must be familiar with and follow the rules of the court. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good-faith limitations imposed on lawyers, as officers of the court); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). Plaintiff is also cautioned that failure to comply with the

Federal Rules of Civil Procedure, the Local Rules of this District, and the orders of this court may result in future filings being denied or stricken. *Carter*, 784 F.2d at 1008–09 (collecting cases) (explaining that a pro se litigant is "expected to abide by the rules of the court in which he litigates"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (reiterating that although courts "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure"); *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (affirming district court's dismissal of a pro se plaintiff's complaint for failing to comply with a court order).

In light of the foregoing, the Court **GRANTS** Plaintiff's request for an extension of time to file the operative complaint in this case. Plaintiff **SHALL FILE** an amended complaint entitled "Consolidated Complaint" <u>**on or before September 11, 2025**</u>. The Consolidated Complaint must bear **both** docket numbers now assigned to this consolidated action, but should **only be filed in the lead case, Case No. 24-cv-01689-JLS-SBC**; shall be labeled as "Consolidated Complaint;" and shall be complete in and of itself, *i.e.*, shall name all defendants and contain all claims against those defendants the Plaintiff wishes to pursue without any reference to any of the complaints previously filed in either action, or to any other pleading, attachment or document. The Consolidated Complaint shall be the operative complaint in this consolidated action. ***Pursuant to Federal Rule of Civil Procedure 41(b), if Plaintiff fails to file an amended complaint within the time provided, this case may be subject to dismissal for failure to prosecute and/or comply with a court order***.

Consequently, Defendants' Motions to Dismiss (ECF Nos. 33, 34) are **DENIED AS MOOT** without prejudice. Accordingly, the Court **VACATES** the hearing set for August 21, 2025, pursuant to Civil Local Rule 7.1(d)(1).

**IT IS SO ORDERED.**

Dated: August 13, 2025

Hon. Janis L. Sammartino
United States District Judge