UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN-THOMAS DOLJANIN,<br><br>                               Plaintiff,<br><br>v.<br><br>REUBEN ELLIS, et al.<br><br>                              Defendants. | Case No.: 24-CV-1689 JLS (SBC)<br><br>**ORDER GRANTING UNOPPOSED MOTIONS TO DISMISS PURSUANT TO CIVIL LOCAL RULE 7.1(f)(3)(c)**<br><br>(ECF Nos. 41, 42, 43, 44) |

      Presently before the Court is (1) Defendant Susan Bonanno's Motion to Dismiss Plaintiff's Consolidated Complaint (ECF No. 41); (2) Defendants Beth Hart's, Geoff Poole's, Borrego Water District's, Terry Considine's, Shannon Smith's, Rodney Bruce's, Harry Turner's, Rams Hill Golf Club's, improperly sued as Rams Hill Country Club, T2 Palms, LLC's, and T2 Holding, LLC, dba T2 B Holding, LLC's, improperly sued as T2 Holdings, Joint Motion to Dismiss Plaintiff's Consolidated Complaint (ECF No. 42); (3) Defendant Reuben Ellis's Motion to Dismiss Plaintiff's Consolidated Complaint (ECF No. 43); and (4) Defendant County of San Diego's Motion to Dismiss Plaintiff's Consolidated Complaint (ECF No. 44). Also before the Court is Defendant County of San Diego's Notice of Non-Opposition (ECF No. 47), Defendant Susan Bonanno's Reply/ Notice of Non-Opposition (ECF No. 48), and Defendants Beth Hart's, Geoff Poole's, Borrego Water District's, Shannon Smith's, Terry Considine's, Rodney Bruce's, Harry

Turner's, Rams Hill Golf Club's, T2 Palms, LLC's, and T2 Holding, LLC dba T2 B Holding LLC's Joint Reply in Support of and Notice of Non-Opposition to Joint Motion to Dismiss (ECF No. 49).

On September 11, 2025, Plaintiff John-Thomas Doljanin filed a Consolidated Complaint, *see* ECF No. 40, and Defendants filed their respective motions to dismiss on September 25, 2025, with a noticed hearing set for November 6, 2025, *see generally* Docket. On October 2, 2025, the Court vacated the hearing on Defendants' motions to dismiss pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 45. The deadline for Plaintiff's opposition came and went on October 23, 2025, with no response from Plaintiff. *See generally* Docket.

The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule allows the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

In determining whether to dismiss an action, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating the fourth factor weighs against dismissal). The Court therefore considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of Defendants' motions to dismiss yet failed to file a timely opposition. Further, Plaintiff has not provided any excuse for his failure to timely file an opposition. The Court cannot continue waiting for Plaintiff to act, and a case cannot move forward when the plaintiff fails to defend his case.

The third factor, which considers the prejudice to a defendant that results from a plaintiff's inaction, also favors dismissal. *See Malone v. U.S.P.S.*, 833 F.2d 128, 131 (9th Cir. 1987). Under this factor, "the risk of prejudice . . . is related to [Plaintiff's] reason for defaulting in failing to timely" file his opposition. *Yourish*, 191 F.3d at 991. Where, as here, a plaintiff fails to provide any excuse for his conduct or contact the Court regarding said failure, this factor weighs in favor of dismissal. *See, e.g.*, *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009).

As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Plaintiff has failed to respond to Defendants' motions to dismiss and has also failed to respond to Defendants' requests for dismissal in light of his non-opposition to their motions to dismiss. *See generally* Docket; *see also* ECF Nos. 47, 48, 49. Therefore, this factor favors dismissal, and the Court "accepts Plaintiff's lack of response as acquiescence." *Rodriguez*, 2016 WL 4581402, at *1.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Finding that the *Ghazali* factors weigh in favor of granting the unopposed motions, the Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 41, 42, 43, 44) pursuant to Civil Local Rule 7.1(f)(3)(c).  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Consolidated Complaint (ECF No. 40).  Plaintiff **MAY FILE** an amended complaint <u>within fourteen (14) days</u> of the date on which this Order is electronically docketed.  Failure to do so will result in a dismissal of the matter with prejudice.

**IT IS SO ORDERED.**

Dated: October 28, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge