UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN-THOMAS DOLJANIN,

Plaintiff,

v.

REUBEN ELLIS, et al.

Defendants.

Case No.:  24-CV-1689 JLS (SBC)

**ORDER GRANTING MOTIONS TO DISMISS**

(ECF Nos. 52, 53, 54, 55, 56)

Presently before the Court are (1) Defendants Terry Considine's, Shannon Smith's, Rodney Bruce's, Harry Turner's, Rams Hill Golf Club's, T2 Palms, LLC's, and T2 Holding's, LLC dba T2 B Holding LLC's ("Rams Hill Defendants") Motion to Dismiss PAC (ECF No. 52);[1] (2) Defendant Susan Bonanno's Motion to Dismiss PAC (ECF No. 53); (3) Defendants Borrego Water District's, Geoff Poole's, and Beth Hart's ("BWD Defendants") Motion to Dismiss PAC (ECF No. 54); (4) Defendant Reuben Ellis's Motion to Dismiss PAC (ECF No. 55); and (5) Defendant County of San Diego's Motion to Dismiss PAC (ECF. No 56) (collectively, "MTDs").  Also before the Court is Plaintiff John-Thomas Doljanin's "Notice of Opposition to All Defendants Motions for Dismissals"

---

[1] The Court need not consider the documents provided by the Rams Hill Defendants in ruling on Defendants Motions.  *See* ECF No. 52-2.  Therefore, the Rams Hill Defendants' Request for Judicial Notice is **DENIED**.

1

("Opp'n," ECF No. 63) and Defendants' respective Replies (ECF Nos. 58, 59, 61, 62).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." Courts evaluate the adequacy of the claim based on Federal Rule of Civil Procedure 8(a), which requires "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). Put another way, it is insufficient to provide a pleading that "offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Twombly*, 550 U.S. at 555.

For a claim to survive a motion to dismiss it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. 544 at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). However, the Court is not required to accept as true "legal conclusions" in the complaint. *Iqbal*, 556 U.S. at 678. If a complaint does not meet the plausibility standard to survive a 12(b)(6) motion, the Court should grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655,

24-CV-1689 JLS (SBC)

658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).   Put differently, the Court may deny leave to amend if amendment would be futile.  *See id.*; *Schreiber Distrib.*, 806 F.2d at 1401.

Importantly, a complaint must be clear enough so that "the defendant receives notice as to what is at issue in the case." *Earth Island Inst. v. U.S. Forest Serv.*, 87 F. 4th 1054, 1071 (9th Cir. 2023).

## ANALYSIS

### I.        Timeliness of Plaintiff's Opposition

Before addressing the Parties' substantive arguments, the Court first addresses the contentions by Defendants that the Court should decline to consider Plaintiff's Opposition. Plaintiff's Opposition vaguely refers to the remedies Plaintiff believes he is owed, assertions about plans for water usage, and a brief history of a lawsuit filed against him by some of the current Defendants.  *See generally* Opp'n.  All Defendants filed their most recent Motions to Dismiss on November 17 and 18, 2025, with a hearing noticed for January 8, 2026.  *See* MTDs.  The Court took the matter under submission on December 11, 2025, and vacated the hearing.  ECF No 57.  Pursuant to Civil Local Rule 7.1(e)(2), Plaintiff's deadline to file an opposition to Defendants' Motions was December 24, 2025. Plaintiff did not file his Opposition until January 7, 2026.  *See* Opp'n.  Prior to the Opposition being filed, Defendants filed multiple replies noting Plaintiff's failure to provide a timely opposition and urging for dismissal. S*ee* ECF Nos. 58, 59, 61, 62.

In general, when a party may or must act within a specified time, the Court may extend the time for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  The Federal Rules of Civil Procedure are to be liberally construed for the purpose of "seeing that cases are tried on the merits." *Naharaja v. Wray*, No. 3:13-CV-1261-HZ, 2015 WL 3986133, at *2 (D. Or. June 30, 2015) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence' and includes 'omissions caused by carelessness[.]'"

24-CV-1689 JLS (SBC)

*Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citation omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993)). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors," including, but not limited to, "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395).

While it is true that Rule 6(b)(1)(B) calls for a motion to seek more time to file an opposition, the Court will excuse Plaintiff's late filing. Plaintiff's delay is not his first, and he has had previous complaints dismissed for failure to respond to previous motions to dismiss. *See* ECF No. 50. However, Plaintiff is proceeding pro se and handwriting his filings. *See* ECF No. 63. Further, the deadline was missed by two weeks. *See id.* While this is not a negligible amount of time, the delay is unlikely to prejudice the Defendants. Given the Court's strong interest in having cases decided on the merits, these factors are insufficient for the Court to grant Defendants' Motions due to Plaintiff's late filing. The Court thus considers Defendants' Motions on their merits.

## II.    Merits of the Motions

Plaintiff alleges five claims, all of which are generally alleged against "Defend[a]nts." *See generally* ECF No. 51 ("Plaintiff's Amended Complaint" or "PAC").[2] These claims include Claim I, Violations of the Thirteenth Amendment; Claim II, Fraudulent Misrepresentation; Claim III, Intentional Infliction of Emotional Distress; Claim IV, Takings Clause Violations; and Claim V, Securities Fraud and Mortgage Fraud. PAC at 3. The Court addresses these claims in turn.

---

[2] On November 3, 2025, Plaintiff filed a "Notice of Opposition to All Defendants Motions of Dismissal & Claims Hereby Stated Amended Complaint." *See* ECF No. 51. While unclear, the Court construes this filing as the operative Complaint.

24-CV-1689 JLS (SBC)

**A.      *Claim I, Violations of the Thirteenth Amendment***

Plaintiff alleges that "[D]efendant[s'] actions constitute involuntary servitude by unlawfully exploiting Plaintiff's identity and resources without consent."[3]  PAC at 3. Plaintiff alleges this exploitation came about through "fraudulent insurance contracts." *Id.* at 2.

*1.      Claim I Against Private Parties*

To assert a violation of his constitutional rights, Plaintiff must allege a cause of action under 42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Conner*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). To state a claim under § 1983, a plaintiff must allege both that (1) the defendant was acting under color of state law at the time the complained of act was committed and (2) the defendant's conduct deprived the plaintiff of a right secured by the Constitution and laws of the United States.  *Tsao v. Desert Palace*, 698 F.3d 1128, 1138 (9th Cir. 2012) (citing *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011)).

A defendant acts under color of state law when she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941).  A defendant may act under color of state law where her conduct "satisfies the state-action requirement of the Fourteenth Amendment," i.e., "the defendant's alleged infringement of the plaintiff's federal rights is 'fairly attributable to the State.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  The Ninth Circuit has identified "three critical requirements that must be satisfied" for finding that a defendant has acted under color of state law: (1) the defendant pretended or purported to act in the performance of her official duties, (2) "with the purpose and effect of influencing the

---

[3] The Thirteenth Amendment states that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

24-CV-1689 JLS (SBC)

behavior of others," and (3) the challenged conduct must be related in some meaningful way to the individual's government status or performance of her duties. *Anderson v. Warner*, 451 F.3d 1063, 1068–69 (9th Cir. 2006) (first citing *McDade v. West*, 223 F.3d 1135, 1140 (9th Cir. 2000); then citing *Martinez v. Colon*, 54 F.3d 980, 987 (1st Cir. 1995)).

Here, Plaintiff has not alleged any facts against the Rams Hill Defendants, Susan Bonanno, or Reuben Ellis (the "Private Parties") that would imply they acted with the color of state law. Accordingly, Claim I against Rams Hill Defendants, Susan Bonanno, and Reuben Ellis is **DISMISSED**.

### 2.    Claim I Against Public Defendants

To impose liability on a local government under § 1983, a plaintiff "must establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered." *Guy v. Lorenzen*, 547 F. Supp. 3d 927, 945 (S.D. Cal. 2021) (citing *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)). "Allegations about government policy, custom, or practice may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 946. Further, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*; *see also Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022) (granting motion to dismiss section 1983 claim on the basis that the plaintiff failed to establish a pattern beyond the incident at issue).

Here, Plaintiff does not allege specific facts indicating that the BWD Defendants or the County of San Diego (the "Public Defendants") forced him into involuntary servitude or slavery. *See generally* PAC. Plaintiff's conclusory assertion that he was "forced" into a "a system of dependency and deprivation" is wholly insufficient to provide notice to Defendants as what wrongdoing they have done. *Id.* at 3; *see Earth Island Inst.*, 87 F. 4th at 1071. Accordingly, Claim I against the Public Defendants is **DISMISSED**.

24-CV-1689 JLS (SBC)

**B.     *Claim II, Fraudulent Misrepresentation, and Claim V, Securities Fraud and Mortgage Fraud***

Plaintiff's fraud-based claims of Fraudulent Misrepresentation (Claim II) and Securities Fraud and Mortgage Fraud (Claim V) fail to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  However, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  *Id.*  "It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (citation omitted).  Further, "Rule 9(b)'s particularity requirement 'applies to all elements of a securities fraud action.'"  *Vazquez v. Masimo Corp.*, No. 3:23-CV-01546-L-DEB, 2024 WL 6080498, at *3 (S.D. Cal., Nov. 5, 2024) (quoting *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014)).

Here, Plaintiff alleges that "[D]efendants knowingly engaged in fraudulent practices, including the misuse of Plaintiff's birth certificate (Trust) and insurance contracts to deprive him of his property and autonomy."  PAC at 3.  Plaintiff further alleges that "[D]efendants knowingly tricked Plaintiff through nondisclosure in real estate," and that Defendants "separated the note from the mortgage."  *Id.* at 3–4.

Plaintiff's Complaint generally consists of legal conclusions, which the Court is not required to accept as true.  *See Iqbal*, 556 U.S. at 678.  The few facts alleged are insufficient to state a plausible claim upon which relief can be granted and fail to satisfy the heightened particularity requirements of Federal Rule of Civil Procedure 9(b).  *See id.*  Accordingly, Claims II and V are **DISMISSED**.

/ / /

/ / /

/ / /

7

24-CV-1689 JLS (SBC)

### C.    Claim III, Intentional Infliction of Emotional Distress

Under California law, to state a claim for intentional infliction of emotional distress ("IIED"), Plaintiff must allege:

> (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by [the] defendant's outrageous conduct.

*Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir. 1996) (citing *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (1991)). "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Miller v. Fortune Com. Corp.*, 15 Cal. App. 5th 214, 229 (2017). There is no bright line rule for when conduct qualifies as outrageous, and it is typically a question of fact for the jury. *So v. Shin*, 212 Cal. App. 4th 652, 671 (2013). "A court may dismiss such claims as a matter of law if the conduct alleged is insufficiently outrageous, particularly where the conduct alleged amounts to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Morse v. Cnty. of Merced*, No. 16-CV-142-DAD-SKO, 2016 WL 3254034, at *13 (E.D. Cal. June 13, 2016) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009), *abrogated by statute on other grounds as stated in Wawrzenski v. United Airlines, Inc.*, 106 Cal. App. 5th 663, 699 (2024)).

Here, Plaintiff alleges that "[D]efendants actions caused Plaintiff severe emotional distress, exacerbated by his inability to defend his rights under duress." PAC at 3. Plaintiff alleges no facts to support an allegation of conduct that would "exceed all bounds of that usually tolerated in a civilized community." *See Miller*, 15 Cal. App. 5th at 229. Plaintiff's singular statement directly regarding this claim, even when taken as true, would be insufficient to find liability for an intentional infliction of emotional distress claim, as severe distress is only one of the elements of IIED. *See Sabow*, 93 F.3d at 1454. Thus, Claim III is **DISSMISSED**.

/ / /

24-CV-1689 JLS (SBC)

#### D.   *Claim IV, Takings Clause Violations*

The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, prohibits the government from taking private property for public use without just compensation to the property owner.  *See* U.S. Const. amend. V. The Supreme Court has articulated two categories of takings under the Fifth Amendment: (1) where the government physically acquires private property for public use, or (2) where the government engages in a "per se" taking by imposing regulations that restrict an owner's ability to use his or her own property.  *See Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147–49 (2021). Both categories require a wrongful taking by the government because "[t]he Takings Clause governs the conduct of the government, not private actors." *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1214 (9th Cir. 2020).

Regarding the Public Defendants, "[t]o state a claim under the Takings Clause, a plaintiff must establish the following: (1) the plaintiff must own 'private property' as contemplated under the Takings Clause; (2) that private property must be taken for 'public use'; and (3) the taking entity must not have paid 'just compensation' for it." *Zeyen v. Bonneville Joint Dist.*, 114 F.4th 1129, 1139 (9th Cir. 2024).

Here, Plaintiff alleges that "[D]efendants knowingly violated the Fifth Amendment Takings Clause and tried to hide it by State Agencies transferring the task to private corporations and individual persons involved."  PAC at 3.  Plaintiff has vaguely alleged some form of "water rights and property theft." *Id.* at 2.

Plaintiff does not allege any specific facts regarding whether a property was taken for public use, whether compensation was given for the theoretical property, what property is in contention, or even whether he owned any property in question.  *See generally* PAC. Plaintiff's conclusory statements regarding the Fifth Amendment are insufficient to provide notice to Defendants as what wrongdoing they have done. *Id.* at 3; *see Earth Island Inst.*, 87 F. 4th at 1071.  Further, a Takings Clause claim does not apply to the Private Parties, as they are private, not government actors.  *See Wells Fargo Bank*, 979 F.3d

24-CV-1689 JLS (SBC)

at 1214.  Accordingly, Claim IV is **DISMISSED**.

## III.    Leave to Amend

Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Although this rule should be interpreted liberally, leave should not be granted automatically.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).  In determining whether to grant leave to amend, trial courts consider various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended.  *Foman v. Davis*, 371 U.S. 178, 182 (1962). Applying the *Foman* factors, the Court declines to grant Plaintiff leave to amend.  This is Plaintiff's third complaint.  *See generally* Docket.  The Court has had patience, allowing Plaintiff to continue despite multiple delays and declining to dismiss his case with prejudice.  *See* ECF 50.  In addition, Plaintiff's claims are fundamentally unsound. Plaintiff, despite multiple opportunities to correct his Complaint, continues to fail to plead sufficient facts or relevant causes of action, and has failed to respond to any of Defendants' arguments in his untimely Opposition.  *See generally* Opp'n.  Therefore, the Court finds that "it is clear that granting leave to amend would [be] futile."  *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 52, 53, 54, 55, 56).  Plaintiff's Amended Complaint (ECF No. 51) is **DISMISSED WITHOUT LEAVE TO AMEND**.  As this concludes the litigation in this matter, the Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  July 7, 2026

*Janis L. Sammartino*

Hon. Janis L. Sammartino
United States District Judge

10

24-CV-1689 JLS (SBC)